07-5432-ag
Chen v. Holder

BIA
Nelson, IJ
A070 579 413

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of November, two thousand nine.

PRESENT:
>        DENNIS JACOBS,
>                *Chief Judge,*
>        JON. O. NEWMAN,
>        PIERRE N. LEVAL,
>                *Circuit Judges.*

_____

JIN PING CHEN,
>        *Petitioner,*

>        v.                                    **07-5432-ag**
                                              **NAC**
ERIC H. HOLDER, JR.,* UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:** Gary J. Yerman, New York, New York.

**FOR RESPONDENT:** Jeffrey S. Bucholtz, Acting Assistant Attorney General; Alison Marie Igoe, Senior Litigation Counsel; Ann Carroll Varnon, Attorney; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Jin Ping Chen, a native and citizen of the People's Republic of China, seeks review of the November 13, 2007 order of the BIA that: (1) affirmed the February 28, 2006 decision of Immigration Judge ("IJ") Barbara A. Nelson, denying her motion to reopen; and (2) denied her motion to remand. *In re Jin Ping Chen,* No. A070 579 413 (B.I.A. Nov. 13, 2007), *aff'g* No. A070 579 413 (Immig. Ct. N.Y. City Feb. 28, 2006).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA.  *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  We review the agency's denial of a motion to reopen or remand for abuse of

2

discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006); *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 157 (2d Cir. 2005). A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen. *Li Yong Cao*, 421 F.3d at 156. When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

The agency did not err in denying Chen's untimely motions. *See* 8 U.S.C. § 1229a(c)(7)(C); *see also* 8 C.F.R. § 1003.2(c)(2). Chen argues that the agency erred in finding that the evidence she submitted failed to demonstrate either material changed country conditions sufficient to excuse the untimely filing of her motions or her *prima facie* eligibility for relief from deportation. However, these arguments fail where we have previously reviewed the BIA's consideration of evidence similar to that which Chen submitted and have found no error in its conclusion that such evidence is insufficient to establish either material changed country conditions or a reasonable possibility of persecution. *See Jian Hui Shao*, 546 F.3d at

3

169-72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

Chen's arguments related to the filing of a successive asylum application are without merit. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 156, 158-59 (2d Cir. 2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

4